# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| VERNON HARRIS | § | |
| | § | |
| v. | § | SA-09-CV-523-XR |
| | § | |
| BEXAR COUNTY, TEXAS | § | |

**ORDER**

On this day came on to be considered Plaintiff's Response (doc. no. 29) and Defendant's Reply (doc. no. 31) to the Court's January 14, 2011 Order.

**BACKGROUND**

Vernon Harris is an African-American male and a former employee at the Bexar County Sheriff's Detention Center. On September 22, 2006, he was cited and given a three-day suspension by then-Sheriff Ralph Lopez for driving the wrong direction in an alley behind the Detention Center. He complained that a Hispanic officer committed the same offense, but was only given a warning. After he complained, he alleges that he was subjected to further discrimination. These allegations are the subject of litigation filed by the Plaintiff in SA-08-CV-728-XR.

In December 2006 Plaintiff suffered from various illnesses that resulted

in his missing work and taking FMLA leave.[1]

On or about June 21, 2008, Plaintiff alleges he suffered a work related injury when he was attacked by an inmate, causing him to be absent from work for a period of time.[2] The Sheriff's Department placed him on FMLA leave effective June 21, 2008. He exhausted his FMLA leave on September 20, 2008. On November 10, 2008, he was sent a notice of proposed dismissal for excessive absences, and that notice was delivered to him on November 13, 2008.

On November 18, 2008, Plaintiff requested a *Loudermill*[3] hearing to challenge his proposed dismissal.

On November 21, 2008, Plaintiff filed a charge of discrimination with the EEOC alleging that the proposed dismissal was a retaliatory act relating to a previous Title VII charge of discrimination that he filed on or about February 20, 2007 and the related Title VII lawsuit (SA-08-CV-728-XR) initiated on September 2, 2008.

After the filing of Plaintiff's November 21, 2008 charge of discrimination, the *Loudermill* hearing was continued. After the EEOC concluded its investigation of that charge, Plaintiff's grievance was again taken into consideration and he was formally terminated from employment on April 17,

---

[1] Plaintiff alleges that he suffers from Meniere's disease, migraine headaches, episodic dizziness, head and ear pressure, tinnitus and ear pain.

[2] The Sheriff's Department appears to dispute this allegation and contends Plaintiff suffered a non-work related injury.

[3] *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 554 (1985).

2

2009.[4]

In its January 14 Order, the Court granted summary judgment in favor of the Defendant as to Plaintiff's FMLA and Section 1983 claims. The Court requested further briefing with regard to the Title VII retaliation claim.

## Analysis

To establish a prima facie case of retaliation, a Plaintiff must establish that: (1) he engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Brown v. United Parcel Service, Inc.*, 2010 WL 5348552 (5th Cir. Dec. 28, 2010).[5] It is uncontested that Plaintiff engaged in a protected activity. He filed a charge of discrimination on or about February 20, 2007 and the related Title VII lawsuit (SA-08-CV-728-XR) on September 2, 2008.

Defendant argues that Plaintiff cannot establish a prima facie case of retaliation because he fails to establish a causal connection exists between any protected activity and the adverse employment action. Alternatively, Defendant argues that it has articulated a legitimate, non-retaliatory reason for the challenged employment action and plaintiff has failed to show that the

---

[4] A June 11, 2009 memorandum, however, indicates the effective date of dismissal was June 2, 2009.

[5] Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the challenged employment action. If the defendant succeeds in doing so, then the burden shifts back to the plaintiff to show that the defendant's reason is a pretext for retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).

3

defendant's reason is a pretext for retaliation.

Plaintiff argues that there was a causal connection between the filing of his first lawsuit on September 2, 2008 and the Notice of Proposed Dismissal given to him on November 13, 2008. Plaintiff asserts that this close temporal proximity is sufficient to defeat the motion for summary judgment. *See Clark County School District v. Breeden*, 532 U.S. 268 (2001); *Evans v. City of Houston*, 246 F.3d 344 (5th Cir. 2001).

Defendant responds that there is no evidence that the administrator who issued the Notice of Proposed Dismissal, Bexar County Jail Administrator Brian Menges, had any knowledge that Plaintiff engaged in any protected activity. *See Wilson v. Willowbrook, Inc.*, 433 F. Supp. 321 (N.D. Tex. 1977), *aff'd*, 569 F.2d 1154 (5th Cir. 1978). Secondly, Defendant responds that Plaintiff's "close temporal proximity" argument fails because although Plaintiff filed his lawsuit on September 2, 2008, he did not actually served Defendant with the lawsuit until after the Notice of Proposed Dismissal was issued. Defendant was served with Plaintiff's lawsuit on December 22, 2008 and the Notice of Proposed Dismissal was signed on November 10, 2008. Plaintiff fails to provide any competent summary judgment evidence that Defendant was aware of his complaint prior to it being served. Finally, Defendant argues that any argument Plaintiff was retaliated against because he filed a charge of discrimination on February 20, 2007 fails because a 22- month period of time does not qualify as "close temporal proximity" as a matter of law. The Court agrees with

4

Defendant's argument that Plaintiff has failed to establish a prima facie case of Title VII retaliation.

In the alternative, Defendant argues that it has articulated a legitimate, non-retaliatory reason for the challenged employment action and plaintiff has failed to show that the defendant's reason is a pretext for retaliation. Defendant alleges that the Plaintiff exhausted his FMLA leave on September 20, 2008, and was dismissed for excessive absences. The Court agrees that Plaintiff fails to provide any summary judgment evidence to demonstrate pretext.

## Conclusion

Summary judgment is GRANTED in favor of the Defendant as to Plaintiff's Title VII retaliation claim. The Clerk is instructed to issue a judgment in favor of the Defendant that Plaintiff take nothing and that his claims are dismissed on the merits. Defendant shall submit its Bill of Costs within 14 days in the form directed by the Clerk should it desire to pursue these costs.

It is so ORDERED.

SIGNED this 16th day of January, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE